# Dow *vs.* Sargent.

C. was declared a bankrupt under the U. S. bankrupt act of 1841, on a petition filed against him by his creditors, September 21, 1842. It appeared, that August 5, 1842, the bankrupt had made a mortgage of land to secure a note due one of his creditors. The security was given at the urgent request of the creditor; and the bankrupt testified that, though he was in fact at the time deeply insolvent, he supposed he could go on and pay his debts, and that he did not at the time intend to petition, nor expect to be proceeded against, in bankruptcy.—*Held*, that the mortgage was valid, and not within the condemnation of the provisions of the second section of the bankrupt act.

WRIT OF ENTRY, to recover a tract of land in Hopkinton, tried at the March term of the court of common pleas, 1844, upon the general issue. The plaintiff claimed the premises under a mortgage from one Nathaniel Curtis, dated August 5, 1842. The defendant claimed title under a deed from the assignees in bankruptcy of said Curtis, dated April 26, 1843.

It appeared in evidence that on the 21st day of September, 1842, a petition was filed in the United States District Court for New-Hampshire against said Curtis as an involuntary bank-

rupt, upon which, after due proceedings had, he was, on the 21st of December, 1842, duly declared a bankrupt, under the act of Congress passed August 19, 1841, entitled "An act to establish a uniform system of bankruptcy throughout the United States;" and the assignees, under whose deed the defendant claimed, were then appointed.

Curtis, being called as a witness, testified that at the time when he gave the mortgage deed to the plaintiff, he owed the plaintiff the note described in the condition of the mortgage; that the plaintiff called upon him and insisted upon security for his debt, and he thereupon executed the mortgage, for the purpose of securing it. He farther testified, that at that time he was deeply insolvent, owing several thousand dollars more than he could pay, but that he then supposed himself able to pay his debts, and so represented himself to the plaintiff and others, and that he then had no intention to avail himself of the bankrupt act, nor did he then expect to be forced into bankruptcy. He also stated, that before the petition was filed against him in bankruptcy he had executed various mortgages of all his visible property, (copies of which were produced,) to various individuals, to whom he represented himself as able to pay his debts; and that the persons to whom these mortgages were made, had, upon his being declared a bankrupt, relinquished any claim to the property mortgaged, and the same had gone into the hands of his assignees, for the benefit of his creditors generally.

The defendant contended, upon the evidence offered, that the mortgage from Curtis to the plaintiff, having been executed by Curtis, who was then deeply insolvent, as security to a creditor, less than two months before the petition was filed against him in bankruptcy, was fraudulent and void, under the second section of the bankrupt act, as against the defendant, who claimed under a sale by Curtis's assignees.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of this court upon the foregoing case.

*Pierce & Fowler*, for the defendant. Where a party mortgages all his property, we hold that he must be understood as hav-

Dow *v.* Sargent.

ing knowledge of his condition and relations as a bankrupt. Whatever the intent of the party may be, if the conveyance is a fraud on the bankrupt act, or on general principles fraudulent, it is an act of bankruptcy. A voluntary conveyance to a creditor, with a design to give him a preference, is fraudulent. *Doug.* 86, 282 ; 1 *Burr.* 467 ; 3 *Wils.* 47 ; 2 *Burr.* 827 ; 1 *Black.* 362 ; *Doug.* 89, *note ;* 5 *Law Rep.* 296, *Arnold* vs. *Maynard;* 5 *Law Rep.* 309, 311, *Wakeman* vs. *Hoyt.*

*Perley & Ainsworth,* for the plaintiff. We understand the question to be, whether a conveyance, fairly made for the purpose of securing a *bonâ fide* debt, not in contemplation of bankruptcy, but within two months of the filing of a petition in bankruptcy, can be good. The conveyance is good unless given in contemplation of bankruptcy, *and* for the purpose of giving a preference. The proviso in the second section of the act cannot extend the meaning of the enacting clause. If the debtor contemplate bankruptcy, and the creditor concur, though it be more than sixty days before the act of bankruptcy, a conveyance is void ; if the creditor does not concur, it is good. If within the sixty days, and the debtor contemplates bankruptcy, it is bad, although the creditor had no knowledge of what his debtor contemplated. But here the debtor did not contemplate bankruptcy. 3 *C. & P.* 99. The *Bankrupt Act,* 6 *Geo.* 4, has an enactment like this ; *Owen on Bankruptcy* 153.

PARKER, C. J. By the second section of the act of Congress to establish a uniform system of bankruptcy, passed August 19, 1841, all future payments, securities, conveyances or transfers of property, &c. made or given by any bankrupt in contemplation of bankruptcy, and for the purpose of giving any creditor, &c. any preference or priority over the general creditors of such bankrupt, and all the payments, conveyances, &c. made or given by such bankrupt in contemplation of bankruptcy, to any person not being a *bonâ fide* creditor or purchaser, for a valuable consideration, without notice, are to be deemed utterly void and a fraud upon the act ; and the assignee in bankruptcy is entitled

to claim and recover the same as part of the assets of the bankrupt's estate.

The mortgage to the plaintiff in this case is not within the condemnation of these provisions. It does not appear to have been made in contemplation of bankruptcy, and the plaintiff was a *bonâ fide* creditor, who could not have had notice of what, according to the testimony in the case, did not exist.

The section then contains two provisos, by which all dealings and transactions by and with any bankrupt, *bonâ fide*, made and entered into more than two months before the petition filed against him or by him, shall not be invalidated or affected, if the other party to such dealings had no notice of a prior act of bankruptcy, or of the intention of the bankrupt to take the benefit of the act.

These provisos certainly do not operate, of themselves, to avoid any transaction between the bankrupt and third persons, nor do they bring any cases within the condemnation of the previous clauses. Their office is to save a certain class of cases from the operation of the general language of the first part of the section. If there have been payments or conveyances by a bankrupt, in contemplation of bankruptcy, and for the purpose of giving a preference, and still the other party acted in good faith, without any notice of any act of bankruptcy, or of the intention of the bankrupt to take the benefit of the act, and more than two months have elapsed before a petition in bankruptcy is filed, such transactions shall not be invalidated or affected. What has been received by a party in good faith, without notice, and permitted to stand so long, shall not be avoided, notwithstanding the bankrupt himself had bankruptcy and the benefit of the act in his contemplation.

*Judgment for the plaintiff.*